In the

# United States Court of Appeals

## For the Seventh Circuit

No. 13-3136

MONIKA SALATA,

*Plaintiff-Appellant*,

*v.*

WEYERHAEUSER COMPANY,

*Defendant-Appellee.*

Appeal from the United States District Court for the
Northern District of Illinois, Eastern Division.
No. 10 C 2187 — **James B. Zagel**, *Judge.*

ARGUED JUNE 6, 2014 — DECIDED JULY 7, 2014

Before BAUER, MANION, and SYKES, *Circuit Judges.*

BAUER, *Circuit Judge.* This case stems from a personal injury action brought by Monika Salata ("Salata") against Weyerhaeuser Company ("Weyerhaeuser"). After Salata repeatedly failed to comply with discovery orders, the district court dismissed her case with prejudice for failure to prosecute. Salata moved to reinstate, but the court denied her motion. Salata now appeals and argues that the district court abused its discretion when it granted Weyerhaeuser's Motion to Dismiss

and denied her Motion to Reinstate. We find no abuse of discretion, and affirm the district court's order.

## I.  BACKGROUND

On March 28, 2008, while Salata was cleaning a property owned by Weyerhaeuser, she slipped and fell, claiming loose floor tiles were the culprit. On March 8, 2010, Salata filed suit against Weyerhaeuser in the Circuit Court of Kane County, Illinois, alleging that as a result of the slip and fall, she was "severely and permanently injured, requiring her to incur medical expenses, disability, pain and suffering, loss of normal life and wage loss on an ongoing and permanent basis." Weyerhaeuser removed the case to federal court. The parties attempted voluntary mediation, but when they could not reach a settlement, Salata's then-attorneys, Whiting Law Group, Ltd. ("Whiting") and Schweickert & Ganassin, LLP ("Schweickert"), moved to withdraw, citing irreconcilable differences. The district court allowed Whiting and Schweickert to withdraw, and Salata's current counsel, Naderh Elrabadi ("Elrabadi") of Santilli Law Group, took over on March 14, 2012. At a status hearing on April 4, 2012, Elrabadi stated that she needed additional time to conduct fact discovery, so the court extended the discovery deadline until May 23, 2012. On April 6, 2012, Weyerhaeuser sent an e-mail to Elrabadi, explaining that Salata's responses to their first set of interrogatories were incomplete. In the e-mail, Weyerhaeuser asked Salata to supplement those responses and to provide overdue responses to their second set of interrogatories. (Salata responded to Weyerhaeuser's first set of interrogatories on October 18, 2010, but provided insufficient responses to numbers 9, 11, 12, 13, 16, and 20. Weyerhaeuser's second set of interrogatories was

initially served on Salata on February 20, 2012; she failed to respond to these interrogatories at all. The first set of interrogatories related to Salata's injuries, claimed damages, prior injuries, and prior litigation, while the second set of interrogatories focused primarily on Salata's income and her ability to work after the accident.) When Weyerhaeuser received no response from Elrabadi, it sent her another e-mail on April 13, 2012, and attached copies of the interrogatories; again, Elrabadi did not respond.

On August 14, 2012, Weyerhaeuser sent an e-mail to Elrabadi, stating, "If we do not hear from you by tomorrow, we will assume that you are refusing to respond to the supplemental discovery and we will have no choice but to file a Motion to Compel." When they received no response from Elrabadi, Weyerhaeuser filed a Motion to Compel on November 14, 2012. At this point, discovery had been outstanding for ten months. The court granted Weyerhaeuser's Motion to Compel, but at Elrabadi's request, allowed her six more weeks to compile the outstanding discovery. The court ordered Salata to answer all outstanding written discovery by January 2, 2013, and set a status hearing for January 31, 2013.

Salata failed to produce any supplemental discovery to Weyerhaeuser by the court-ordered deadline of January 2, 2013, and Elrabadi failed to appear at the status hearing on January 31, 2013. On February 26, 2013, Weyerhaeuser moved to dismiss the case due to Salata's failure to comply with the court's discovery order under Federal Rule of Civil Procedure 37, as well as for a want of prosecution under Rule 41(b); Weyerhaeuser also requested attorney's fees related to the preparation of their Motion to Dismiss as well as their Motion

to Compel. On March 12, 2013, the court held a hearing on Weyerhaeuser's Motion to Dismiss; again, Elrabadi failed to appear. Though the court declined to impose sanctions, it dismissed the case with prejudice for want of prosecution.

On May 9, 2013, Elrabadi filed a Motion to Reinstate, claiming that she had not been given notice of the March 12, 2013, court date and asserting that Salata had "fully answered all outstanding written discovery with the exception of her income tax records … ." On May 16, 2013, the court ordered Weyerhaeuser to respond to Salata's Motion to Reinstate, and indicated that it was inclined to allow reinstatement of the case. In its June 10, 2013, response, Weyerhaeuser asked the court to deny Salata's motion. It explained that Salata had still "**not provided any information of any kind** … in response to [their] discovery requests," and that Salata "continues … to be in violation of this Court's November 27, 2012 order." On June 17, 2012, the court ordered Salata to supplement discovery. On July 15, 2013, Salata did submit supplemental responses to Weyerhaeuser's first set of interrogatories, but still did not respond at all to Weyerhaeuser's second set of interrogatories. In their August 28, 2013, Sur-Response, Weyerhaeuser explained that Salata's untimely supplemental responses had not cured the discovery issues, but instead "raise more questions than they answer and demonstrate that if this litigation were to go forward, there is a tremendous amount of discovery still left to be conducted based on these new revelations that come three years into this litigation and after Plaintiff's case has been dismissed … ."(For example, in Salata's deposition on December 8, 2010, she stated that she had been able to do "zero work" since the slip and fall on

March 28, 2008. However, in the supplemental responses she provided to Weyerhaeuser in June 2013, Salata indicated that she had earned over $22,000 in 2008 and over $12,000 working as an office clerk in 2009.)

At an August 30, 2013, status hearing, the court denied Salata's Motion to Reinstate, explaining that it was just "too late to complete [discovery]" and that "the damage was done because of the lateness." Salata now appeals the court's denial of her Motion to Reinstate the case.

## II.  DISCUSSION

### A.  The Court's Decision to Dismiss Salata's Case with Prejudice

We review a district court's decision to grant a Motion to Dismiss for abuse of discretion, *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003), and will uphold "any exercise of the district court's discretion that could be considered reasonable, even if we might have resolved the question differently." *Id.* The district court's decision must strike this court as "fundamentally wrong" for an abuse of discretion to occur. *Johnson v. J.B. Hunt Transp. Inc.*, 280 F.3d 1125, 1131 (7th Cir. 2002).

A court may dismiss an action with prejudice "if the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or any court order." Fed. R. Civ. P. 41(b). The court should exercise this right sparingly and should dismiss a case under Rule 41 only "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Webber v. Eye Corp.*, 721 F.2d 1067, 1069 (7th Cir. 1983). "Although dismissal is a harsh

sanction that should be imposed infrequently, we recognize that the power to sanction through dismissal is essential to the district courts' ability to manage efficiently their heavy caseloads and thus protect the interests of all litigants." *Roland v. Salem Contract Carriers, Inc.*, 811 F.2d 1175, 1177–78 (7th Cir. 1987).

In *Roland*, we concluded that the district court did not abuse its discretion when it dismissed plaintiffs' complaint after the plaintiffs had committed ongoing discovery violations. *Id.* at 1180. Plaintiffs failed to respond to interrogatories and production requests, so defendants filed a Motion to Dismiss. *Id.* at 1176. Initially, the court denied the motion and granted plaintiffs additional time to respond. *Id.* However, when plaintiffs failed to produce discovery responses by the court-ordered discovery deadline, the court granted defendants' Motion to Dismiss and awarded defendants attorney's fees, specifically finding that plaintiffs had "acted willfully, deliberately, and in bad faith" in failing to comply with discovery orders. *Id.*

The facts in this case bear a striking resemblance to those in *Roland*. Here, the court extended discovery deadlines multiple times to give Salata additional time to respond to discovery requests. Weyerhaeuser's counsel reached out repeatedly to Elrabadi and attempted to resolve outstanding discovery disputes without court intervention, but when they received no response, they were forced to bring a Motion to Compel. The court granted Weyerhaeuser's motion and ordered Salata to produce all outstanding written discovery by January 2, 2013. This deadline, however, came and went and Salata failed to produce the outstanding discovery, even though Elrabadi had

previously informed the court that she was working to compile it. Elrabadi asserts that Salata had fully complied with all of Weyerhaeuser's discovery requests at this point, but the record tells a different story. As of January 2, 2103, Salata had not answered six of Weyerhaeuser's first set of interrogatories, failed to respond at all to Weyerhaeuser's second set of interrogatories, and failed to produce material documents, including medical reports, bills, and tax returns. Not until more than four months after the court dismissed her case for failure to prosecute did Salata finally produce some outstanding discovery responses, but at this point it was just too late.

In her brief, Elrabadi tries to excuse her failure to respond to Weyerhaeuser's motions and her failure to appear at status hearings by claiming that she never received notice of the status hearings or copies of Weyerhaeuser's motions. Elrabadi, however, is registered with the court's CM/ECF system. Copies of all motions and notices of all status hearings were sent to Elrabadi through the district court's E-Filer system at her registered e-mail address. The Northern District of Illinois' General Order 09-014 Section IV(C) makes clear that "[r]egistration as an E-Filer constitutes consent to electronic service of all documents." Section IV(G) continues, "It is the responsibility of the E-Filer to maintain … a current and active e-mail address. The E-Filer shall promptly notify the Clerk of the Court and opposing litigants in pending cases of any changes in the E-Filer's e-mail address." If Elrabadi was unaware of hearings and motions because the e-mail address she had on file with the court was no longer current, her ignorance of the docket was "nothing but negligence" and does

not constitute "excusable neglect." *Norgaard v. DePuy Orthopaedics, Inc.*, 121 F.3d 1074, 1075 (7th Cir. 1997).

In *Harrington v. City of Chicago,* we found that a plaintiff's failure to appear for court dates, to disclose material documents, and to respond to written discovery "comprise[d] a sufficient record of delay" and constituted "more than enough [] to dismiss the case for want of prosecution." 433 F.3d 542, 550 (7th Cir. 2006).

In *Martinez v. City of Chicago,* we affirmed the district court's decision to dismiss a case for failure to prosecute based on the "clear pattern of delay" evinced by the plaintiff's attorney. 499 F.3d 721, 727 (7th Cir. 2007). The plaintiff's lawyer had failed to attend three status hearings, filed pleadings after court-ordered deadlines, and failed to turn over discovery materials even after promising to do so. *Id.* at 722–23. We explained that "[e]ven giving [plaintiff] the benefit of every doubt … she cannot demonstrate that the district court abused its discretion [when it dismissed her case for failure to prosecute] … ." *Id.* at 727.

In this case, Elrabadi's failure to appear at multiple status hearings and Salata's ongoing failure to provide outstanding discovery to Weyerhaeuser even after being compelled by the court to do so provided the district court with more than enough reason to dismiss Salata's case for failure to prosecute. The "pattern of delay and indifference" evinced by Salata and her counsel strongly supports the district court's dismissal, and we find no abuse of discretion. *Ryer v. Russell,* 974 F.2d 1340, *3 (7th Cir. 1992).

### B. Weyerhaeuser's Request for Attorney's Fees

Weyerhaeuser also requests attorney's fees for costs incurred as a result of defending a frivolous appeal under Federal Rule of Appellate Procedure 38. Rule 38 allows us to impose sanctions against an appellant or an appellant's attorney. *Hill v. Norfolk and Western Ry. Co.*, 814 F.2d 1192, 1201 (7th Cir. 1987). These sanctions serve to compensate parties "for the expense and delay of defending against meritless arguments in the court of appeals" and "to deter [meritless] appeals and thus preserve the appellate court calendar for cases worthy of consideration." *Ruderer v. Fines*, 614 F.2d 1128, 1132 (7th Cir. 1980). Rule 38 should not be invoked lightly. *Goyal v. Gas Technology Institute*, 732 F.3d 821, 823 (7th Cir. 2013).

In order to impose sanctions under Rule 38, we must determine that (1) the appeal is frivolous and (2) sanctions are appropriate. *Bowman v. City of Franklin*, 980 F.2d 1104, 1110 (7th Cir. 1992). "An appeal is frivolous when the result is obvious or when the appellant's argument is wholly without merit." *Indianapolis Colts v. Mayor and City Council of Baltimore*, 775 F.2d 177, 184 (7th Cir. 1985). Even if we determine that the appeal is frivolous, however, Rule 38 is "permissive," and we may "decline to impose sanctions." *Indep. Lift Truck Builders Union v. Nacco Materials Handling Group, Inc.*, 202 F.3d 965, 969 (7th Cir. 2000). "How we exercise [our] discretion may turn on our perception of whether an appellant acted in bad faith." *Berwick Grain Co., Inc. v. Ill. Dep't of Agric.*, 217 F.3d 502, 505 (7th Cir. 2000). We usually look for some suggestion that the "appeal was prosecuted with no reasonable expectation of altering the district court's judgment and for purposes of delay

or harassment or out of sheer obstinacy." *Reid v. United States,* 715 F.2d 1148, 1155 (7th Cir. 1983).

Though it should have been obvious that we would affirm the district court's decision to dismiss Salata's case since she repeatedly failed to supplement discovery and to comply with court orders, we decline to impose sanctions on Salata or her counsel under Rule 38. Though Elrabadi's professionalism may surely be called into question, we find the evidence in the record insufficient to support a finding that Salata or her counsel, Elrabadi, acted in bad faith or intentionally delayed court proceedings. Salata did change counsel early on in the discovery process, leading to some issues with her interrogatory responses, and the district court noted that Salata's language difficulties may have played a role as well. Since Rule 38 sanctions are permissive, we exercise our discretion not to impose sanctions on Salata or Elrabadi here.

### III.  CONCLUSION

We AFFIRM the district court's decision to dismiss Salata's case and to deny her Motion to Reinstate and decline to impose sanctions on Salata or her counsel.