NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 22, 2016[*]
Decided September 22, 2016

**Before**

MICHAEL S. KANNE, *Circuit Judge*

ANN CLAIRE WILLIAMS, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 15-2783

| | |
|---|---|
| THERESA L. DUKES, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:09-cv-1440-JMS-DML |
| ERIC COX, et al., | |
| *Defendants-Appellees*. | Jane E. Magnus-Stinson, *Judge*. |

**O R D E R**

Theresa Dukes claims that in 2007 three law enforcement officers entered her home without a warrant and beat her, in violation of the Fourth Amendment and Indiana tort law. *See* 42 U.S.C. § 1983. She filed this action in 2009 but impeded its progress for more than five years, prompting the district court finally to dismiss the

---

[*] We have unanimously agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

case with prejudice for failing to prosecute and disobeying court orders. We affirm the dismissal.

Dukes filed her complaint and proceeded pro se for seven months before retaining four different law firms in succession. The first two firms withdrew quickly, each citing a breakdown in their relationship with Dukes. After the second firm quit, a magistrate judge extended various case-management deadlines. Dukes later moved for a further extension, asking to delay her deposition to accommodate both her search for new counsel and an unspecified "medical condition," which, she said, constrained her to only half days of activity. The magistrate judge declined to give Dukes even more time and warned that "continued effort to obtain counsel is an insufficient basis for stalling the case . . . particularly because this is the second withdrawal of counsel." But the court did limit her deposition to a half day.

Despite the magistrate judge's ruling, Dukes refused to be deposed. She appeared as scheduled but left after reading a prepared statement saying that she refused to participate without counsel and because of her "medical condition." The defendants responded by moving to dismiss the case as a sanction for violating a discovery order and for failure to prosecute. The district judge concluded that dismissal would be too harsh a sanction but ordered Dukes to go forward with her deposition and also to pay the defendants' costs related to the failed deposition.

Dukes then retained a third law firm, but six months later counsel again withdrew, giving the same reason as previous counsel. Once more Dukes moved to prolong the case while looking for new counsel, but the district judge refused to postpone the trial date. The court explained that the lawsuit had been pending for three years, that Dukes already had gone through three law firms, and that she had shown herself capable of proceeding pro se. The judge warned Dukes that the case would continue to trial whether or not she obtained counsel.

Meanwhile, in July 2012, before that third law firm had withdrawn, Dukes violated a second discovery order. The magistrate judge had ordered Dukes to disclose the identity of a potential witness, but instead Dukes filed a "notice of noncompliance." The defendants then filed a second motion to dismiss. Once again the district court declined to dismiss the lawsuit.

Dukes's case then was administratively closed for 14 months because of her medical condition. Dukes had requested a stay and submitted medical records under seal. Those documents do not disclose the diagnosis or detail its effects on Dukes, but

do show that she recently had received unspecified medical treatment for "severe symptoms," that she was being evaluated for surgery and treated with narcotics, and that her doctors believed her condition may interfere with her ability to work, present herself on demand, and "participate in a legal proceeding." The district judge, acknowledging uncertainty "about the exact nature" of Dukes's medical condition, ordered periodic medical updates from Dukes while the case remained dormant.

In January 2014, at the request of the district court, the defendants filed a report detailing how they were being prejudiced by the closure. The defendants noted that, because the underlying events had occurred more than six years earlier, the memories and health of fact witnesses were deteriorating, and one witness already had passed away. The district judge weighed the prejudice to the defendants, the court's responsibility to its calendar and other litigants, and Dukes's medical condition, and decided to reopen the case. The judge explained that Dukes's medical records do not "specify any physical restrictions or mental impairments she suffers from as a result of her diagnoses that would prohibit her participation in the case." The court also reminded Dukes of her duty to diligently pursue her lawsuit and notified her of the court's power to dismiss her case if she failed to prosecute it.

Dukes then retained new counsel for the fourth time, but in short order she fired that law firm. The firm's principal advised the district court that Dukes disagreed with him about what evidence could be presented at trial, and he explained that their relationship had broken down and that Dukes had accused him of lying to her about his capacity to litigate the case. The district judge granted Dukes's request for a continuance, giving her a total of six weeks to find other counsel.

In May 2015, after Dukes had violated the pretrial order by not exchanging trial exhibits with the defendants and refusing to work with them on stipulations of fact, voir dire questions, a joint case synopsis, jury instructions, and verdict forms, the district judge granted the defendants' third motion to dismiss. Dukes had not responded to the defendants' motion or appeared at a hearing on that motion, although she did send the court an e-mail saying that she would be absent because of unspecified medical reasons. The judge acknowledged that dismissal with prejudice is an extreme sanction but found that Dukes had engaged in a "repeated pattern of unreasonable delay and contumacious conduct." The court pointed to Dukes's repeated violations of discovery orders and other court orders, despite having previously been penalized with costs when she refused to participate in her deposition. The district judge accepted that Dukes "has some health issues" but doubted her "general and unsubstantiated

representations regarding the alleged effect that her health issues have on her ability to comply with court orders and represent herself." The court weighed the many delays attributable to Dukes's medical issues and repeated turnover of counsel against the prejudice to the defendants, now that the case had dragged on for over five years, and dismissed the lawsuit with prejudice. *See* FED. R. CIV. P. 16(f), 37(b)(2)(A)(v), 41(b). Dukes moved for reconsideration, *see* FED. R. CIV. P. 59(e), arguing that she had not been allowed to introduce additional evidence of her medical condition, but the district judge replied that Dukes specifically had been given leave to submit further medical evidence under seal but had not done so in the year since the case was reopened.

On appeal Dukes argues that the district court abused its discretion in dismissing her case. She contends that the court did not adequately consider her medical condition and her pro se status.

Dukes's failure to cooperate in discovery and her violation of the court's orders warranted dismissal under either Rule 16(f) and 37(b) or Rule 41(b). *See Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699–700 (7th Cir. 2014) (affirming dismissal with prejudice for failure to comply with discovery orders and pattern of delay); *Aura Lamp & Lighting, Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 907–10 (7th Cir. 2003) (same). Dukes had been warned multiple times by the magistrate judge and district court that refusing to comply with court orders could lead to dismissal of her suit. And a previous monetary sanction was ineffective in deterring Dukes from disobeying later court orders. Though a district court should consider the medical disabilities of any litigant, the court did not abuse its discretion in concluding that the five years' delay and prejudice to the defendants outweighed the difficulty Dukes might have faced in proceeding with her lawsuit as scheduled, especially given that she had not submitted any evidence of her current medical condition in the previous year. *See Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011) (explaining that before dismissing for failure to prosecute district courts should consider frequency and magnitude of plaintiff's noncompliance with deadlines, the effect of noncompliance on court's calendar, the prejudice to defendants, and the efficacy of other sanctions); *Emerson v. Thiel Coll.*, 296 F.3d 184, 191 (3d Cir. 2002) (concluding that district court did not abuse discretion in dismissing case despite litigant's claim of medical condition when litigant provided no substantiation of condition). Nor is Dukes's pro se status during parts of her suit an excuse for failing to comply with the court's orders. *See McInnis v. Duncan*, 697 F.3d 661, 665 (7th Cir. 2012) ("[E]ven those who are pro se must follow court rules and directives."); *Collins v. Illinois*, 554 F.3d 693, 697 (7th Cir. 2009) (same).

Dukes next argues that the district court erred in "appointing" her to proceed pro se. She contends that it was not her fault that her final attorney could not represent her and that her medical condition prevented her from litigating on her own. But there is no constitutional or statutory right to counsel in civil cases. *See Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *Pruitt v. Mote*, 503 F.3d 647, 656 (7th Cir. 2007); *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). And Dukes did not show that she was indigent or ask the district court to recruit counsel pursuant to 28 U.S.C. § 1915(e)(1). The district court granted Dukes six weeks' continuance after she had fired her fourth attorney. More was not required.

AFFIRMED.