NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 14, 2019[*]
Decided January 23, 2019

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

No. 18-2643

| | |
|---|---|
| MICAH ANDERSON, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 18-CV-2037 |
| SUNITA B. WILLIAMSON, et al., *Defendants-Appellees.* | **Matthew F. Kennelly**, *Judge.* |

**O R D E R**

This appeal concerns a district court's denial of a motion to proceed in forma pauperis ("IFP"). Micah Anderson, an Illinois inmate, had moved to proceed IFP in connection with a deliberate-indifference suit he filed in March 2018 against prison officials. In early May 2018, the court denied Anderson's IFP motion as incomplete because the accompanying trust fund account statement was from December 2017—at least three months out of date. The court observed that Anderson had since been released on parole, so he needed to "provide updated financial information … that

---

[*] We have agreed to decide this case without oral argument because the appeal is frivolous. See Fed. R. App. P. 34(a)(2)(A).

indicates his financial status," and his failure to do so by June 1, 2018, would result in his case being summarily dismissed. Anderson did not respond, and on June 29, 2018, the court dismissed the complaint with prejudice.

Anderson then moved to proceed IFP on appeal. In his motion, he explained that he did not received the district court's May order because it was sent to his mother's house—the address on file with the court—but she had kicked him out. The court denied the motion because he had failed to apprise the court of up-to-date contact information (thus "he was the author of his own problem") and because his accompanying trust fund account statement showed that he had over $8,000 in his account, *see* 28 U.S.C. § 1915(a)(3). Anderson later paid the appellate filing fee.

On appeal, Anderson maintains that his failure to comply with the court's order to update his IFP application should be excused because he did not receive the order, having already left his mother's house. Dismissal is a harsh sanction, see *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014), but Anderson was required to keep the court apprised of his updated address. See *Snyder v. Nolen*, 380 F.3d 279, 285 (7th Cir. 2004). Dismissal under these circumstances was not an abuse of discretion, but the dismissal should have been without prejudice. In general, denial of a plaintiff's petition to proceed in forma pauperis allows the plaintiff the option of filing a paid complaint making the same allegations. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992) (under pre-1996 version of § 1915). That is certainly the appropriate disposition where the plaintiff has simply failed to satisfy the court that he is actually indigent. A plaintiff who seeks but is denied in forma pauperis status on financial grounds retains the legal ability to pay the filing fee and proceed as most litigants do. (Different considerations apply if the plaintiff has deliberately misrepresented his situation or fails to comply with basic obligations of litigation. See, e.g., *Dupree v. Hardy*, 859 F.3d 458, 463 (7th Cir. 2017); *Mathis v. New York Life Ins. Co.*, 133 F.3d 546, 547–48 (7th Cir. 1998).) Anderson forfeited only the possibility of proceeding in forma pauperis, not necessarily the merits of his claim. We therefore modify the dismissal to be without prejudice.

AFFIRMED as MODIFIED.