NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 17, 2019[*]
Decided May 20, 2019

**Before**

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

No. 18-3667

| | |
|---|---|
| ROBERT L. JONES, JR., *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Indiana, South Bend Division. |
| *v.* | No. 3:17-CV-210 |
| M/A MGMT CORP, et al., *Defendants-Appellees*. | Robert L. Miller, Jr., *Judge*. |

**O R D E R**

Robert Jones appeals the dismissal of his lawsuit against his former landlord, Runaway Bay Apartments M/A Mgmt Corp., for violating the Fair Housing Act. *See* 42 U.S.C. § 3604. The district court dismissed the case for want of prosecution because Jones did not comply with Runaway Bay's discovery requests after the judge granted three motions to compel, imposed monetary sanctions, and warned Jones about dismissal of his suit if he failed to comply. *See* FED. R. CIV. P. 41(b). We affirm.

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Jones, an African American, alleged that Runaway Bay racially discriminated against him by terminating his lease, failing to conduct repairs, and later having him removed from the apartment complex's clubhouse. He asserted that, after a disagreement with maintenance staff during a service call in his home, Runaway Bay wrongfully terminated his lease. Runaway Bay, he said, unjustifiably credited the version of events presented by two white members of the maintenance staff over his own. Jones further alleged that Runaway Bay unlawfully denied him access to the apartment's clubhouse after notifying him that it terminated his lease. These actions, Jones claimed, caused financial loss and mental and physical distress.

To respond to these claims, in October 2017 Runaway Bay requested information and documents related to Jones's medical care, work history, criminal record, and finances. When after two months Jones did not respond, Runaway Bay filed a motion to compel. At a hearing the following month on discovery-related issues, the magistrate judge granted Runaway Bay's motion and ordered Jones to answer the interrogatories immediately and produce the requested documents within a week.

Jones timely filed his discovery responses but objected to requests for information about his health, employment, criminal record, and finances. He contended that his medical history for the past ten years was "irrelevant and unnecessary" and "not within the scope of discovery." And he argued that information about his work history and criminal background over the last ten years was "burdensome" and "overbroad" and that information about his finances was "already asked and answered," so any further questions were "oppressive."

Runaway Bay then filed two more motions to compel, including a request for sanctions. In its motions to compel, Runaway Bay argued that it could not prepare for trial because, without the requested information, it could not properly defend against Jones's claims for damages.

In March 2018, the magistrate judge again granted the motions to compel and ordered Jones to show cause why his failure to produce the documents was substantially justified or if other circumstances would make an award of expenses unjust. Jones responded that it would be unfair for him to pay Runaway Bay's expenses because the magistrate judge "failed to outline what would happen if my objections [were] not sustained" and that the requests to produce were "redundant" and "repetitive." The judge found that Jones failed to provide any basis for his position and that the requested information was relevant. In April 2018, the magistrate judge

awarded expenses of $250 to Runaway Bay under FED. R. CIV. P. 37(b)(2)(A) based on Jones's "excessive delay" and his "stubborn approach to discovery"; the judge emphasized that Jones had four months to comply with Runaway Bay's requests. Then, the judge granted Jones a three-week extension until the end of April, but warned that his "failure to comply fully with this order could result in further sanctions up to and including dismissal of this case."

When the latest deadline passed, Runaway Bay moved under Rule 41(b) to dismiss the case. Jones responded that he had complied with the discovery requests merely a week late, that Runaway Bay's motion was "unreasonable," and that his generalized answers were more than sufficient to respond to discovery requests that he regarded as overly broad and nonspecific.

The district judge granted the motion to dismiss, concluding that Jones's conduct had "unnecessarily delayed action on this relatively straightforward" case, necessitated multiple hearings, and forced the court to continue and then vacate the trial date. The judge further observed that Jones had "swamped the court with frivolous filings" and that "his vexatious litigation strategy" has prejudiced Runaway Bay, first, by depriving it of health records and other documents that it could have used when deposing Jones and, second, by hindering its efforts to secure an expert witness.

Jones then timely filed separate motions on the same day, one to reconsider the judgment under FED. R. CIV. P. 59(e) and the other to vacate the judgment under FED. R. CIV. P. 60(b). He made the same arguments in both motions, contending that the dismissal order was unreasonably harsh because the court failed to tailor the sanctions to the severity of his misconduct or to consider less drastic sanctions. He further argued that his failure to meet the court's latest deadline constitutes excusable neglect because he was in the hospital on the day of the discovery deadline.

In a single order, the district judge denied both motions, noting that Jones's arguments overlapped significantly. Dismissal of the suit was not unreasonably harsh, the judge explained, because Jones had repeatedly failed to comply with the court's discovery orders despite several motions to compel, hearings on discovery motions, monetary sanctions, and the court's admonishment that continued delays could result in dismissal of the case. The court added that it could not consider Jones's "strongest" argument—that his failure to comply is excusable because he was in the hospital— because Jones failed to make this argument in response to Runaway Bay's motion to dismiss or explain why he could not do so. Because Jones may not introduce new

evidence or advance arguments that he could have presented to the district court before judgment, the court could not consider this argument under Rules 59(e) and 60(b), *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (regarding Rule 59(e)); *Rutledge v. United States*, 230 F.3d 1041, 1052 (7th Cir. 2000) (regarding Rule 60(b)).

On appeal, Jones renews his argument that dismissal was not an appropriate sanction because his hospitalization on the day of the discovery deadline constituted excusable neglect. The dismissal was also unreasonably harsh, he says, because he was late in complying with the order by only eight days, and he had informed Runaway Bay of his illness immediately after the deadline, so there was no prejudice.

The judge, however, did not abuse his discretion in determining that Jones' neglect was sufficiently serious to warrant dismissal. As the judge explained, dismissal was necessary because Jones had "unnecessarily delayed" the case, "necessitated multiple hearings," and caused the court to "vacate the trial setting." Further, Jones's failures over six months to comply with discovery orders—despite several motions to compel, monetary sanctions, and the judge's warning that further delay could result in dismissal—established a "pattern of failure to meet court-imposed deadlines." *See Nelson v. Schultz*, 878 F.3d 236, 239 (7th Cir. 2017) (internal quotations omitted). Jones says that he asserted excusable neglect in a separate declaration he filed before the judge ruled on the motion to dismiss. But this argument fails because, as the judge noted, Jones did not address this argument or refer to this declaration when responding to Runaway Bay's motion to dismiss. Nor did he explain why he omitted this argument. In refusing to "sift through the record and make [Jones's] case for him," *see United States v. 5443 Suffield Terrace*, 607 F.3d 504, 510–11 (7th Cir. 2010), the judge did not abuse his discretion.

Jones also argues that his production of documents eight days late caused no prejudice. But the district court acted well within its discretion in treating this latest infraction as just one small part of the months-long delay that Jones already had caused and that hindered Runaway Bay's preparation of a defense to his damages claims.

Jones next contests the dismissal on two grounds: that his conduct was not willful and that less drastic sanctions were not used. But willfulness is not required: a dismissal under Rule 41(b) is permissible "when there is a clear record of delay *or* contumacious conduct, *or* when other less drastic sanctions have proven unavailing." *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014) (emphasis added). Here, the district judge permissibly considered the months of delay, discovery hearings, and the

use of less drastic means—three motions to compel, monetary sanctions, and his warning of a possible dismissal—before he ordered the case dismissed.

Finally, Jones charges the magistrate judge with bias against him based on the force of the judge's rulings. According to Jones, the judge improperly granted Runaway Bay's motions to compel while denying his own, and the judge required him to provide legal support for his motions yet accepted Runaway Bay's arguments without legal support. But Jones fails to say more to permit meaningful review of these charges. In any case, these unsupported accusations undermine his contention that his discovery delays stemmed from ignorance of legal procedure rather than willfulness. The district judge readily could regard Jones's obstinance as willfulness sufficient to warrant dismissal; Jones, the judge explained, "blamed the court for his failures" to comply with discovery orders, and said that he "would have obeyed" a "reasonable order."

We have considered Jones's remaining arguments, and none merits discussion.

AFFIRMED