NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 6, 2021[*]
Decided October 14, 2021

**Before**

ILANA DIAMOND ROVNER, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

No. 21-1712

| | |
|---|---|
| KENYATTA BROWN, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 19 C 7694 |
| JOEL SHAW, et al. *Defendants-Appellees*. | Marvin E. Aspen, *Judge*. |

**O R D E R**

Kenyatta Brown, an Illinois inmate, appeals the dismissal of his lawsuit against officials and staff at Stateville Correctional Center. He alleged that a previous lawsuit against a correctional officer sparked a conspiracy of retaliation against him, in violation

---

[*] Appellees were not served with process and are not participating in this appeal. We have agreed to decide the case without oral argument because the appellant's brief and the record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

of his constitutional rights. After allowing three amendments, the district court dismissed Brown's final amended complaint with prejudice under Federal Rule of Civil Procedure 41(b) for his failure to follow the court's instructions. This decision was not an abuse of discretion, and so we affirm.

Brown, proceeding pro se, began this suit under 42 U.S.C. § 1983 with a thirty-six-page handwritten complaint (augmented by fifty-six pages of exhibits) alleging that seventeen defendants engaged in a years-long conspiracy to violate his constitutional rights at Stateville. Brown is now housed at Menard Correctional Center, also in Illinois.

The district court dismissed the initial complaint without prejudice at screening. 28 U.S.C § 1915A. The court concluded that the complaint ran afoul of the notice pleading requirements because the "lengthy narrative . . . simply provid[ed] too much detail" and was therefore neither "short" nor "plain" within the meaning of Federal Rule of Civil Procedure 8(a). The court allowed Brown to amend the complaint, while also warning that the number of defendants raised concerns of misjoinder and cautioning that some claims appeared untimely or duplicative of other lawsuits by Brown.

Brown's next two complaints, each longer than the last, fared no better. The district court concluded that they suffered from the same problems and dismissed them without prejudice, again supplying Brown an opportunity to amend his complaint yet another time. The court directed Brown to submit his amended pleading on the court-provided complaint form. The court denied Brown's motion to reconsider its dismissal of the second amended complaint, gave Brown a final opportunity to comply with its previous orders, and warned that failure to comply would result in dismissal with prejudice.

Throughout the pleading stage, Brown moved several times for the recruitment of counsel. The district court denied each motion, explaining that it was too soon to assess the need for counsel and that Brown's pleadings were generally clear and coherent.

Brown's third amended complaint, which he failed to present on the pre-printed form supplied by the district court, spanned sixty pages with seventy-three pages of attachments. The court concluded that Brown's filing did not comply with its orders and dismissed the complaint with prejudice under Rule 41(b).

On appeal, Brown first argues that the district court abused its discretion in dismissing his third amended complaint, which, he asserts, was clear and concise, and gave sufficient notice of who he was suing and why. A district court can dismiss a case on its own initiative if "the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order." FED. R. CIV. P. 41(b); *James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005) (citing *Link v. Wabash R. Co.,* 370 U.S. 626, 630-31 (1962)). This harsh sanction is appropriate only in limited circumstances, such as for "a clear record of delay or contumacious conduct." *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014) (internal quotation marks and citations omitted). We review the dismissal for abuse of discretion and vacate only if the sanction strikes us as fundamentally wrong. *Id.*

Under that standard, the district court adequately justified its dismissal with prejudice of Brown's third amended complaint. The court emphasized Brown's failure—despite repeated warnings—to comply with its order to use the pre-printed complaint form and to cure the problems it had identified. First, as the court noted in its dismissal order, the form it had provided to Brown multiple times was required by the local rules. N.D. Ill. L.R. 81.1 (Section 1983 complaints by prisoners "shall be on forms supplied by the Court.") Although Brown argues that the form was not long enough, the court was entitled to strictly enforce the local rule (and attaching pages is permitted). *Hinterberger v. City of Indianapolis*, 966 F.3d 523, 528 (7th Cir. 2020).

Second, the district court committed no error in viewing Brown's sprawling complaints as not complying with Rule (8)(a)(2). To be sure, excessive length on its own "ordinarily does not justify the dismissal of an otherwise valid complaint" *Stanard v. Nygren*, 658 F.3d 792, 797 (7th Cir. 2011). But here the excessive length of Brown's complaints was just one factor that informed the court's reasoning. Brown's pleadings described events that reached far into the past and involved dozens of actors, and the only relation among the seemingly disparate events was an allegation of a vast, longstanding conspiracy. The sprawling and expansive nature of Brown's allegations resulted in a complaint that was unduly difficult to comprehend—or so the district court reasonably determined. Even more, Brown failed to comply with the district court's explicit direction to submit any third amended complaint on the pre-printed form mandated by the local rules.

Disregarding the court's directions, Brown not only failed to use the form, he broadened his allegations, lengthening the complaint and adding defendants as he amended. And his primary response to the observation about unrelated claims against many defendants—a problem we have told district courts to "be alert" to—was to insist

that the conspiracy was so vast and lengthy that no detail or defendant could be omitted. *See Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017). In these circumstances, and after having warned Brown of this precise consequence, the district court was well within its discretion to dismiss with prejudice under Rule 41(b). *See Aura Lamp & Lighting Inc. v. Int'l Trading Corp.*, 325 F.3d 903, 908 (7th Cir. 2003) (citing *Ball v. City of Chicago*, 2 F.3d 752, 760 (7th Cir. 1993)).

Brown's insistence that his pleadings were clear and provided adequate notice to the defendants misses the mark. In the end, the district court dismissed the third amended complaint because of Brown's failure to follow its instructions, not a Rule 8 violation. *See Chapman v. Yellow Cab Coop.*, 875 F.3d 846, 849 (7th Cir. 2017) (affirming dismissal with prejudice when plaintiff "disobeyed" order seeking additional details). If Brown believed the court was applying the wrong standard, he could have stood on the second amended complaint and waited for a judgment (or asked the court to enter one), rather than continue to buck the court's instructions. *See McElroy v. Lopac*, 403 F.3d 855, 858 (7th Cir. 2005).

Brown also contends that the district court abused its discretion by denying his motions for the recruitment of counsel. On this front, he points to his inability to file a satisfactory complaint as proof of his need. But the district court followed the parameters laid out in *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007) (en banc), and did not abuse its discretion in denying his request. The court believed it was too early to tell whether recruiting counsel would be warranted. Although we have no bright-line rule, we have acknowledged the difficulty of accurately evaluating the need for counsel in the earliest stages of litigation. *See Mapes v. Indiana*, 932 F.3d 968, 971 (7th Cir. 2019). Further, the district court cited Brown's demonstrated competence in communicating with the court. *See Pruitt*, 503 F.3d at 655. Brown contends that this rationale was inconsistent with the court's critiques of his complaints, but, as we have noted, the court did not find Brown's pleadings unintelligible. Indeed, it took their lucidity (despite other problems) as evidence that he was capable of complying with its orders.

AFFIRMED