In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 23-2446

NEXT MILLENNIUM TELECOM CO.,

*Plaintiff-Appellant,*

*v.*

AMERICAN SIGNAL CORPORATION,

*Defendant-Appellee.*

———————

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 2:20-cv-00178 — **J. P. Stadtmueller**, *Judge.*

———————

ARGUED MAY 15, 2024 — DECIDED AUGUST 12, 2024

———————

Before BRENNAN, KIRSCH, and LEE, *Circuit Judges.*

KIRSCH, *Circuit Judge.* The government of Saudi Arabia engaged Next Millennium Telecom Co. (Nextel), a Saudi Arabian corporation, to set up an emergency siren system in Saudi Arabia. Nextel paid American Signal Corporation, a Wisconsin corporation, approximately $11 million to supply the sirens and related components for the system, which Nextel installed. Nextel claims that, after assembly and installation, the sirens did not operate correctly. American Signal,

Nextel says, declined Nextel's requests to repair or replace the defective parts (or compensate Nextel for doing so) and would not refund Nextel's payments. So Nextel sued American Signal in federal court under the court's diversity jurisdiction for, among other things, breach of contract.

The case progressed slowly and was marked by Nextel's uncooperative conduct, which prevented the identification of key facts and otherwise hindered the progress of the litigation. Consequently, at the final pretrial conference, the district court remarked on how little discovery had been accomplished on the dispute's core factual issues. It ordered Nextel, on penalty of dismissal for failure to prosecute, to accomplish certain steps necessary for the case to proceed to trial. Namely, it required Nextel to: (1) obtain local counsel; (2) meaningfully confer with American Signal; and (3) file an outline on how it would arrange for testing the sirens and securing visas for its witnesses. Nextel filed a plan, but the court found that it failed to comply with its order and dismissed the case. Nextel appeals the dismissal, as well as the court's denial of its request to allow its witnesses to testify remotely.

Nextel's challenge to the court's dismissal for failure to prosecute requires that we "look to the entire procedural history of the case," so we weave the particulars of the procedural history in with our analysis. *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000). We review a dismissal for failure to prosecute for abuse of discretion. *Thomas v. Wardell*, 951 F.3d 854, 862 (7th Cir. 2020). "So long as the district judge's analysis was not tainted by a legal error or the failure to consider an essential factor, we will reverse only if the decision strikes us as fundamentally wrong." *McMahan v. Deutsche Bank AG*, 892 F.3d 926, 931 (7th Cir. 2018) (cleaned up).

Courts "generally have broad authority to dismiss a case for failure to prosecute." *Wardell*, 951 F.3d at 862. The court here relied on multiple sources for its authority: Federal Rule of Civil Procedure 41(b); its inherent power, *Harrington v. City of Chicago*, 433 F.3d 542, 548 (7th Cir. 2006); and the local rules, E.D. Wis. Civ. R. 41(c) (authorizing dismissal if a plaintiff "is not diligently prosecuting the action"). Courts must "sparingly" exercise their authority to dismiss under these sources and only do so "when there is a clear record of delay or contumacious conduct." *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014) (quotation omitted).

Given "the procedural history of the case and the situation at the time of the dismissal," the court did not abuse its discretion and we affirm: there is an adequate record of Nextel's dilatory and insubordinate conduct such that we cannot conclude that "no reasonable person could concur" with the court's dismissal. *Daniels v. Brennan*, 887 F.2d 783, 785–86 (7th Cir. 1989). While the district court could have done more to push the case forward without having to resort to the sanction of dismissal (for example, it waited over a year to issue a scheduling order), ultimately, "the duty of moving a case to trial is on the plaintiff and not on the court." *Washington v. Walker*, 734 F.2d 1237, 1238 (7th Cir. 1984).

Nextel shirked its obligation to diligently prosecute its case, and its "pattern of delay and indifference" supports dismissal. *Salata*, 757 F.3d at 700 (quotation omitted). First, in persistently equivocating when American Signal sought to conduct inspections of the sirens to identify any defects, Nextel prevented the development of fundamental facts in the case. Second, Nextel caused delays by failing to cooperate in scheduling depositions. Third, it repeatedly disregarded the local

rules. Finally, Nextel did not comply with the court's order at the final pretrial conference: it did not obtain local counsel or meaningfully converse with American Signal, and its plan was short and unsupported. The totality of this behavior was sufficient to justify dismissal for failure to prosecute, even if no single instance was particularly egregious.

A

Nextel bears responsibility for the failure to conduct inspections of the sirens, inhibiting the determination of essential facts—whether and how the sirens were defective. American Signal made consistent efforts to arrange for the inspection and testing of the sirens. It first indicated the need to conduct such inspections in July 2021, but Nextel said it was not sure where the sirens were located. In September, American Signal continued to press for inspections, sending interrogatories asking Nextel to identify where the sirens were located; Nextel demurred, objecting to the interrogatories without providing an answer. Then in March 2022, American Signal provided Nextel with a proposed schedule and plan for inspections for later that month but agreed to delay because Nextel indicated that American Signal might need permission from the Saudi government to inspect the sirens. When American Signal repeatedly followed up, seeking information on how to get permission and access the sirens, Nextel did not give a straight answer. It equivocated regarding who had control of the sirens, where they were located, and how American Signal could get authorization from the Saudi government to access them—though Nextel had itself gained access to the sirens for its own expert to examine them. American Signal reached out to numerous government entities and officials in

Saudi Arabia seeking to access the sirens to no avail, so no inspections were done.

It was, again, Nextel's responsibility, as plaintiff, to move the case forward to trial. *Sisk v. United States*, 756 F.2d 497, 501 (7th Cir. 1985). But, because Nextel had stymied any inspections, it was entirely unclear why (or if) the sirens did not function, so the case was far from ready for trial. As the district court identified at the final pretrial conference, less than two weeks before trial was set to begin, there were "huge problems with the core facts of this case" largely because there had "been no serious effort at identifying exactly what the problem is with respect to the inoperability of these sirens."

Nextel, however, resists this conclusion and argues that, in its motion for clarification after the conference, it noted that its witnesses identified specific defects in their depositions. But American Signal was not obligated to credit Nextel's witnesses and desist from conducting inspections. And, despite having witnesses with information regarding the sirens' particular problems, Nextel gave vague responses when asked about those problems throughout the litigation—in its responses to interrogatories, at hearings, and even in the joint final pretrial report. Accordingly, Nextel inhibited the uncovering of these key facts both by hampering inspections and giving elusive responses. It thereby did not meet its obligation to move the case forward.

B

Nextel additionally restrained the case's progress by failing to cooperate in scheduling depositions. American Signal notified the court that it had made almost 50 written requests

for depositions of Nextel's corporate representative and expert, resorting to subpoenas because Nextel never provided dates in response. The court emphasized Nextel's unresponsiveness in granting American Signal's motion to preclude Nextel's expert's testimony, finding that Nextel, by not cooperating, had "gross[ly] mishandl[ed]" the expert's deposition.

C

Beyond its dilatory behavior, Nextel flouted the local rules, which can support a finding of contumacious conduct. *Cartwright v. Silver Cross Hosp.*, 962 F.3d 933, 936 (7th Cir. 2020). Nextel filed a motion to compel discovery that exceeded the page limit imposed by the local rules, E.D. Wis. Civ. R. 7(h)(2), though it did refile and move for leave to submit the brief with excess pages. Despite this correction, Nextel again exceeded the page limit in responding to American Signal's motion to preclude expert testimony. And Nextel did not adhere stringently to the requirement that parties meet and confer before filing discovery motions. E.D. Wis. Civ. R. 37. Even if none of these errors was grievous, the court properly considered these violations in exercising its authority to dismiss the case because district courts are entitled to require strict compliance with their local rules. *Hinterberger v. City of Indianapolis*, 966 F.3d 523, 528 (7th Cir. 2020).

D

Finally, Nextel did not substantively comply with the court's order issued during the pretrial conference, confirming that it would not make an effort to push the case to trial. *Dorsey v. Varga*, 55 F.4th 1094, 1104 (7th Cir. 2022) ("[A] district court has the inherent power to dismiss for failure to comply with its orders."). Nextel contends that all the order required

was that it file an outline of its plan for securing local counsel, arranging for testing of the sirens, and acquiring visas for its witnesses. That is not the case. The court first described two tasks Nextel had to complete. After noting that Nextel's local counsel had withdrawn, it explicitly invoked Local Rule 83(c)(3) to require Nextel to obtain local counsel and renewed its admonishment that the parties have a meaningful conversation about "how to get to the bottom of the facts of this case." Then, it stated that Nextel needed to obtain visas for its witnesses and find people who could do the testing with the Saudi government's agreement. It was only after describing these other necessary steps that the court ordered Nextel to file an outline on how it would accomplish them. Indeed, immediately after noting that Nextel's counsel should tell its client that "we're going to have to get these sirens tested … and all the witnesses in this case are going to be here and testify in person," the court ordered it to file an outline "on how you're going to accomplish this." If Nextel was confused, it could have sought clarification. But, in its motion for clarification, it failed to request any additional information as to what the court's order required, either in terms of what the plan should include or what tasks Nextel had to accomplish.

Nextel timely filed a plan but failed to obtain local counsel or have a meaningful conversation with American Signal, breaching the court's order. Acknowledging that it had not secured counsel, Nextel noted in its plan that it had contacted numerous attorneys and was in negotiations with a couple of attorneys. Even if we leniently construe the court's order to only require Nextel to file a plan on how it would secure local counsel, Nextel provided nothing to verify its efforts. It offered no specifics on when it had reached out to such attorneys or even those attorneys' names. As to the requirement

that Nextel meaningfully converse with American Signal, Nextel never contacted American Signal after the pretrial conference to discuss how to move forward, in contravention of the court's order.

We find no issue with the district court's determination that Nextel's plan for testing and securing visas for its witnesses did not meaningfully comply with its order: the plan was brief, undetailed, and uncorroborated. Nextel did not include potential dates, identify the individuals it claimed to have found to examine the sirens, or outline any steps American Signal might need to take to gain access to the sirens. Similarly, without any corroborating documentation, Nextel claimed that its witnesses had applied for visas.

While the court's order did not explicitly require Nextel to provide supporting documentation, the failure to attach anything to verify its plan indicated to the court that Nextel was not seeking to expeditiously move the case along or genuinely comply with its order. Rather, Nextel sought to minimally comply with the order and thus defied the order's purpose: to spur Nextel into making progress on the key issues in the case and move the case to trial. Given this failure to comply with a court order, along with Nextel's other dilatory and contumacious conduct during the case, the district court did not abuse its discretion in dismissing the action for failure to prosecute. And because we affirm the dismissal, we need not address Nextel's argument that the court erred in denying its request for its witnesses to testify remotely. See *Flynn v. Kornwolf*, 83 F.3d 924, 927 n.1 (7th Cir. 1996).

Affirmed