In the

# United States Court of Appeals

### For the Seventh Circuit

No. 12-2669

JURIJUS KADAMOVAS,

*Plaintiff-Appellant*,

*v.*

MICHAEL STEVENS, *et al.*,

*Defendants-Appellees*.

Appeal from the United States District Court
for the Southern District of Indiana, Terre Haute Division.
No. 2:11-cv-258-WTL-WGH—**William T. Lawrence**, *Judge*.

SUBMITTED JANUARY 14, 2013—DECIDED FEBRUARY 7, 2013

Before POSNER, WOOD, and SYKES, *Circuit Judges*.

POSNER, *Circuit Judge*.   The plaintiff, an inmate of a federal prison, filed a *Bivens* suit against seven named members of the prison's staff plus several "John Does" (unnamed defendants—how many is unclear), complaining of varied mistreatment amounting to cruel and unusual punishment and in one respect to infringement of religious liberty. The district judge dismissed the complaint before an answer or other responsive pleading was filed (no defendants have as yet made an

appearance in the case), on the ground that the "99-page complaint defies understanding, rendering it unintelligible and subject to dismissal on that basis" given the requirement of Fed. R. Civ. P. 8(a)(2) that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The judge granted leave to file an amended complaint and when the plaintiff failed to do so dismissed the suit with prejudice, precipitating this appeal.

Length and unintelligibility, as grounds for dismissal of a complaint, need to be distinguished. District judges are busy, and therefore have a right to dismiss a complaint that is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention. Often, it is true, "surplusage can and should be ignored," *United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003), but "length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter," *id*. (said of a complaint of 400 paragraphs sprawling across 155 pages). See also *Mann v. Boatright*, 477 F.3d 1140, 1147-48 (10th Cir. 2007); *In re Westinghouse Securities Litigation*, 90 F.3d 696, 702-03 (3d Cir. 1996) (600 paragraphs in 240 pages); *Michaelis v. Nebraska State Bar Ass'n*, 717 F.2d 437, 439 (8th Cir. 1983) (per curiam). But a complaint may be long not because the draftsman is incompetent or is seeking to obfuscate ("serving up a muddle" to the judge, as such complaints are sometimes described), but because it contains a large number of distinct charges. That is the present case; the complaint charges that in retaliation

for the plaintiff's going on hunger strikes, the defendants used excessive force to force feed him and extract blood samples from him, placed him in a cell infested with feces, denied him minimal recreational opportunities, refused to allow him to have a Bible, refused to allow him to file grievances, and tried to block his access to the federal courts.

One doesn't need 99 pages to make these allegations, but the complaint isn't in fact 99 pages long, as the district judge thought. It's 28 pages long, the last 71 pages being an appendix, which the judge could have stricken without bothering to read. This 28-page complaint is not excessively long given the number of separate claims that the plaintiff is advancing. The word "short" in Rule 8(a)(2) is a relative term. Brevity must be calibrated to the number of claims and also to their character, since some require more explanation than others to establish their plausibility—and the Supreme Court requires that a complaint establish the plausibility of its claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007); see also *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011); *Atkins v. City of Chicago*, 631 F.3d 823, 831-32 (7th Cir. 2011).

That is not to say that the judge is free to question the complaint's factual allegations; provided they're not legal assertions disguised as facts, he is not. *Ashcroft v. Iqbal, supra*, 556 U.S. at 678; *Bell Atlantic Corp. v. Twombly, supra*, 550 U.S. at 555-56; *McCauley v. City of Chicago, supra*, 671 F.3d at 616. There is a further exception, for utterly

fantastic factual allegations. *Atkins v. City of Chicago*, *supra*, 631 F.3d at 831-32. It predates *Twombly* and *Iqbal* and is illustrated by *Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000), where the complaint alleged a conspiracy between the United States and China to "bio-chemically and bio-technologically infect and invade" the plaintiff with a mind-reading and mental-torture device. Fantasy is not a problem in this case. But even when the factual allegations in a complaint may be true and therefore have to be treated as true at the pleading stage, they may not state a plausible claim for legal relief. Thus in *Twombly* the Court held that in an antitrust conspiracy case "an allegation of parallel conduct . . . gets the complaint close to stating a claim" but "without some further factual enhancement it stops short of the line between possibility and plausibility of 'entitle[ment] to relief.'" 559 U.S. at 557. A complaint must cross that line to warrant putting the defendant to the bother and expense of responding to discovery demands. "[T]he fact that the allegations undergirding a plaintiff's claim could be true is no longer enough to save it. . . . [T]he complaint taken as a whole must establish a nonnegligible probability that the claim is valid, though it need not be so great a probability as such terms as 'preponderance of the evidence' connote." *Atkins v. City of Chicago*, *supra*, 631 F.3d at 831-32.

Since a plaintiff must now show plausibility, complaints are likely to be longer—and legitimately so—than before *Twombly* and *Iqbal*. And anyway long before those decisions judges and lawyers had abandoned any effort to keep complaints in federal cases short

and plain. Typically complaints are long and complicated. One-hundred page complaints that survive a motion to dismiss are not rarities. The Forms Appendix to the civil rules, with its beautifully brief model complaints, is a fossil remnant of the era of reform that produced the civil rules in 1938. Three quarters of a century later a 28-page complaint pleading seven distinct wrongs is not excessively long. District judges could do more to require that complaints be cut down to size, but it is not apparent what more would be necessary in this case.

Unintelligibility is distinct from length, and often unrelated to it. A one-sentence complaint could be unintelligible. Far from being unintelligible, the complaint in this case, which the plaintiff says he wrote with the assistance of another prisoner (the plaintiff is Lithuanian and claims to be illiterate in English), is not only entirely intelligible; it is clear. We're not going to quote it all, but here in its entirety, chosen at random, is his claim of violation of his religious liberty:

> Throughout Kadamovas's segregation several week confinement the defendants denied him not only all personal and legal materials (with exception of those legal materials that were received through the mail during his segregation confinement), they as well denied him all religious materials, including a bible and as well the right to celebrate 'Easter' which is central to his fundamental christian beliefs. As Kadamovas did with all the other issues dealing with the conditions of his segregation confinement he addressed the denial of his religious materials

with both Warden Lockett and Unit Manager Stevens [both are named as defendants] who again reiterated throughout his segregation confinement that they were not required to provide Kadamovas with Religious materials, or for that matter personal and/or legal materials in his 'dry cell status confinement'. In an act of futility Kadamovas, almost in a begging manner pleaded with the defendants to at minimun [*sic*] allow him to have access to his bible over the Easter Holiday, April 22nd thr[ough] April 24th, 2011 to celebrate Easter. In mocking fashion Warden Lockett during one of his periodic rounds in the segregation unit told Kadamovas that, 'it is literally amazing how inmates want to come to prison to find religion.' He denied Kadamovas so much as to have access to his bible during Easter.

The other claims are pleaded similarly. In short the complaint does not violate any principle of federal pleading. The judgment dismissing it for "unintelligibility" must be reversed. But we deny as premature the plaintiff's further claims that he should have the assistance of counsel in this litigation and that the case should be reassigned to another district judge on the ground that Judge Lawrence is prejudiced against the plaintiff. There has been no showing of prejudice. And until the defendants respond to the complaint, the plaintiff's need for assistance of counsel (a need asserted for the first time in this appeal) cannot be gauged.

Since the case is being remanded, we remind the district judge that if the assertion of different charges

against different prison officials in the same complaint is confusing, he can require the plaintiff "to file separate complaints, each confined to one group of injuries and defendants." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). (Granted, *Wheeler* was a more extreme case than this one, as the prisoner's complaint named 36 defendants.) The joinder of defendants is limited by Fed. R. Civ. P. 20(a)(2).

These are matters for consideration on remand.

REVERSED AND REMANDED.