NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 9, 2013[*]
Decided June 4, 2013

**Before**

RICHARD A. POSNER, *Circuit Judge*

DANIEL A. MANION, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 12-1652

| | |
|---|---|
| JOSEPH WATKINS, | Appeal from the United States District |
| *Plaintiff-Appellant,* | Court for the Northern District of Illinois, Eastern Division. |
| *v.* | |
| | No. 11 CV 4966 |
| CHICAGO HOUSING AUTHORITY, et al., | |
| | Robert W. Gettleman, |
| *Defendants-Appellees.* | *Judge.* |

**O R D E R**

Joseph Watkins, a self-described activist and longtime public-housing resident in Chicago, brought a civil-rights action under 42 U.S.C. § 1983 against 31 defendants, including the Chicago Housing Authority, two mayors, numerous other public officials, various private construction contractors, several labor unions, and state and federal agencies. Viewing the complaint as unintelligible, the district court dismissed it under

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

Federal Rule of Civil Procedure 8 and, also, as barred by the statute of limitations. We affirm the judgment on the ground of untimeliness only.

The complaint, spanning 38 pages, criticizes the Plan for Transformation of the Chicago Housing Authority, a program for redeveloping the stock of public housing in Chicago. The tenor of the complaint is evident from the section headed "Statement of Facts," which principally alleges that the Plan unlawfully deprived Watkins of suitable housing and employment options as far back as 12 years ago:

> Chicago's gentrification policy is displacing thousands of Black families from neighborhoods that they have resided in for generations to other Black neighborhoods that are already struggling with their own marginalization.

> As part of this gentrification, poor residents who are left on the Near Southside of Chicago are being denied access to living wage jobs and contracts let to develop their social culture.

> As a result, the impact of gentrification is indirectly responsible for discriminatory practices that denied plaintiff and other public housing residents access to fair housing, jobs and contracts.

> The defendants have engaged in one or more acts of discriminatory practices on the basis of race, age and class in the 12 years preceding the filing of this complaint. In addition, the defendant's actions since 1999, as outlined herein, constitute a continuing violation of the Fair Housing Act and related civil and human rights statutes.

> As a consequence, plaintiff(s) suffered mental and emotional abuse, post traumatic stress and depression because the defendants denied me access to jobs and contracts that were created as my community went through the gentrification process.

Apart from his grievances about lost housing and job opportunities, Watkins finds fault with the public school system, charter schools, Chicago patronage practices, immigrants, police surveillance, and public policies that amount, in his opinion, to ethnic cleansing. In leveling his accusations, he seldom identifies the responsible defendants. He seeks a multi-million dollar damage award, free litigation services, a moratorium on public-housing evictions, the creation of an education fund, and a lifetime job for himself.

        Several defendants moved to dismiss the suit, asserting that it violated Rule 8(a)(2) of the Federal Rules of Civil Procedure by failing to provide "a short and plain statement of the claim," that Watkins lacked standing to sue, and that his suit was time-barred because he did not allege any wrongdoing that occurred less than two years before he filed his complaint. The district court granted the motions to dismiss, reasoning first that much of the complaint was unintelligible and therefore violated Rule 8. The court went on to conclude that the suit was in any case time-barred and therefore dismissal was "proper for this additional reason." The court also denied Watkins's motion to reconsider.

        On appeal Watkins argues that it was improper for the district court to dismiss his suit. He contends that the complaint is intelligible and that the doctrine of continuing violation forestalled the accrual of his claims.

        Unlike the district court, we find Watkins's complaint to be intelligible. It is unnecessarily long and full of extraneous material on unrelated topics, but these, by themselves, are not proper bases for dismissal. *See Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013); *Stanard v. Nygren*, 638 F.3d 792, 797–98 (7th Cir. 2011). And we note that when dismissing on the basis of unintelligibility, a district court should give the plaintiff a chance to amend his complaint to correct its deficiencies. *See Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011); *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 782 (7th Cir. 2007); *Loubser v. Thacker*, 440 F.3d 439, 443 (7th Cir. 2006). Nevertheless, Watkins's statements in his briefs below and in this court convince us that he had no adequate response to the defendants' assertion of the statute of limitations as an affirmative defense, so we uphold the dismissal on that basis.

        Although Watkins mentions several federal statutes in his complaint and briefs, he maintains that all of his claims arise under § 1983, which, borrowing the relevant period from Illinois law, provides two years for suit from the time a plaintiff knows or should know of an injury.[1] *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Draper v. Martin*, 664 F.3d 1110, 1113 (7th Cir. 2011). When pressed by the defendants to describe an injury that he learned of within the two-year limitations period, Watkins identified none. Instead he asserted that the statute of limitations "does not apply" because "the [defendants'] actions since 1999, as outlined herein, constitute a continuing violation." But the doctrine of

---

        [1] We note that the district court incorrectly stated that a one-year limitations period applies to § 1983 suits against "governmental entities and their employees." Claims brought under § 1983 are governed by a single limitations period, based on state law. *See Wilson v. Garcia*, 471 U.S. 261, 272–75 (1985); *Williams v. Lampe*, 399 F.3d 867, 870 (7th Cir. 2005).

continuing violation does not revive discrete injuries falling outside of the limitations period, such as the discrimination Watkins broadly describes throughout his complaint. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002). Rather, it applies only when a claim does not accrue until a string of events is grouped together, with the last event being timely. *See id.* at 115–17; *Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 801 (7th Cir. 2008); *Heard v. Sheahan*, 253 F.3d 316, 319 (7th Cir. 2001). Lingering effects of old injuries do not count under this doctrine, *Limestone Dev. Corp.*, 520 F.3d at 801–02, so it was incumbent upon Watkins to identify an injury that accrued within the limitations period. He waited until his brief on appeal to do so, stating: "[M]y most recent contact and request for employment opportunities among others were with defendants at the Chicago Housing Authority in November 2010 and that request was ignored also." But this averment contains insufficient factual content, beyond conclusory allegations, to state a claim for discrimination. *See McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 887 (7th Cir. 2012). Thus, the district court correctly dismissed Watkins's suit as untimely.

Finally, two other points about Watkins's complaint bear mentioning. First, Watkins describes alleged discrimination suffered by similarly situated public-housing residents, and at times he refers to these unnamed individuals as additional plaintiffs, but as a pro se litigant he may sue only on his own behalf. *See* 28 U.S.C. § 1654; *In re IFC Corp.*, 663 F.3d 315, 318 (7th Cir. 2011); *Lewis v. Lenc-Smith Mfg. Co.*, 784 F.2d 829, 830 (7th Cir. 1986). Second, Watkins alleges in part that he was denied employment opportunities under Section 3 of the Housing and Urban Development Act of 1968, 12 U.S.C. § 1701u, but we have not yet determined whether that statute provides a private right of action. Many district courts have determined that it does not, and we found no appellate opinions directly on point. *See Bardney v. Chi. Hous. Auth.*, 2013 WL 1278526, at *2 (N.D. Ill. Mar. 28, 2013); *Conway v. Chi. Hous. Auth.*, 2013 WL 1200612, at *5–7 (N.D. Ill. Mar. 25, 2013); *Miller v. Chi. Hous. Auth.*, 2012 WL 2116190, at *3–4 (N.D. Ill. June 8, 2012); *Marcel v. Donovan*, 2012 WL 868977, at *3–5 (E.D.N.Y. Mar. 14, 2012); *Price v. Hous. Auth. of New Orleans*, 2010 WL 1930076, at *3–5 (E.D. La. May 10, 2010), *aff'd*, 453 F. App'x 446 (5th Cir. 2011); *Pleasant v. Zais*, 2008 WL 4621761, at *4 (E.D. Wa. Oct. 17, 2008), *aff'd*, 399 F. App'x 201 (9th Cir. 2010); *Moore v. KTR Dev. LLC*, 2009 WL 3233530, at *2 (E.D.N.Y. Oct. 7, 2009); *Nails Constr. Co. v. City of St. Paul*, 2007 WL 423187, at *3–5 (D. Minn. Feb. 6, 2007); *Williams v. United States Dep't of Hous. and Urban Dev.*, 2006 WL 2546536, at *2–9 (E.D.N.Y. Sept. 1, 2006). But we decline to reach this question, which the district court did not discuss, in light of our view that the district court properly dismissed the suit on the basis of untimeliness.

**AFFIRMED**.