In the

# United States Court of Appeals
### For the Seventh Circuit

———————————

No. 19-1384

ERIC J. MAPES,

*Plaintiff-Appellant,*

*v.*

STATE OF INDIANA, et al.,

*Defendants-Appellees.*

———————————

Appeal from the United States District Court for the
Southern District of Indiana, Indianapolis Division.
No. 1:19-cv-00691-JMS-TAB — **Jane Magnus-Stinson**, *Chief Judge.*

———————————

SUBMITTED JUNE 28, 2019 — DECIDED AUGUST 6, 2019[*]

———————————

Before FLAUM, SYKES, and HAMILTON, *Circuit Judges.*

———————————

[*] We agreed to decide this case without oral argument because the briefs
and record adequately present the facts and legal arguments and oral
argument would not significantly aid the court. FED. R. APP.
P. 34(a)(2)(C).

PER CURIAM. Eric Mapes was arrested for trespassing after being refused service at a CVS store. He sued the State of Indiana, CVS, and a number of individual defendants asserting a long list of grievances under federal and state law. Mapes asked the district court to recruit counsel for him. The district judge denied that request, dismissed Mapes's complaint without prejudice for failure to state a claim, and suggested several amendments to the complaint. Mapes did not heed that advice and now appeals the judge's refusal to recruit counsel. We affirm. The judge did not abuse her discretion when she denied his request for pro bono counsel, provided an opportunity to amend, and offered instructions on how best to do so without a lawyer.

## I. Background

At this early stage, we accept the allegations in Mapes's complaint as true. *See Perez v. Fenoglio*, 792 F.3d 768, 774 (7th Cir. 2015). On January 21, 2019, CVS employees refused to issue Mapes a MoneyGram money transfer, leading to a verbal conflict. The store manager contacted the police, who arrested Mapes for trespassing. They took Mapes to the Marion County jail, where guards assaulted him and medical staff ignored his physical disabilities.

About three weeks later, Mapes sued the State of Indiana, CVS, and others for violating what he calls "the law they are required to [uphold] when dealing with disabled people," including the Americans with Disabilities Act ("ADA"), among other claims.[1] He simultaneously moved for the

---

[1] The defendants were not served with process in the district court and are not participating in this appeal.

appointment of counsel. *See* 28 U.S.C. § 1915(e)(1) ("The court may request an attorney to represent any person unable to afford counsel."). Mapes asserted the need for pro bono representation based on his poor hearing, social anxiety, a speech disorder, and an unidentified mental disability.

The judge screened and dismissed the complaint without prejudice for failure to state a claim, *see id.* § 1915(e)(2), and advised Mapes on how to amend it. The judge informed Mapes that his amended complaint "should set forth what happened during the incident and the facts that support his belief that CVS refused to serve him because of his disability." She explained that Mapes should identify the people who harmed him and describe how they did so. Finally, she told Mapes to bring unrelated claims in separate lawsuits. The judge's order gave Mapes until March 22 to file an amended complaint. Failure to do so would "result in the dismissal of [his suit] without further notice or opportunity to show cause."

In that same order, the judge denied Mapes's request for appointed counsel. Relying on *Kadamovas v. Stevens*, 706 F.3d 843 (7th Cir. 2013), she described the request as "premature." Mapes hadn't yet filed a "viable complaint." And because the defendants had not yet responded to the complaint, or even been served with process, the judge could not reliably assess Mapes's need for an attorney. Mapes could renew his motion after filing an amended pleading. Rather than attempt to follow the judge's amendment instructions, Mapes appealed.

## II. Discussion

First, a word on our jurisdiction: An order dismissing a suit without prejudice ordinarily is not final and thus not appealable unless it effectively ends the litigation. *See* 28 U.S.C. § 1291; *Mostly Memories, Inc. v. For Your Ease Only, Inc.*, 526 F.3d 1093, 1097 (7th Cir. 2008). When a district judge dismisses a suit but provides an opportunity and a deadline to cure deficiencies, the conditional order becomes final after the deadline passes. *Shott v. Katz*, 829 F.3d 494, 496 (7th Cir. 2016). Mapes did not file an amended complaint before the court-imposed deadline, so we have jurisdiction.

Mapes argues that the judge violated the ADA by deny-ing his request for counsel. The ADA and relevant regula-tions require public entities, including courts, to make "reasonable modifications" to avoid disability-based dis-crimination. *See* 42 U.S.C. § 12132; 28 C.F.R. § 35.130(b)(7); *Tennessee v. Lane*, 541 U.S. 509, 531–34 (2004). But § 1915(e)(1)—not the ADA—governs a court's discretion to recruit counsel for a pro se litigant. We've explained that a district judge confronted with a motion for pro bono counsel must assess (1) whether "the indigent plaintiff made a reasonable attempt to obtain counsel or [had] been effective-ly precluded from doing so; and if so, (2) given the difficulty of the case, [whether] the plaintiff appear[s] competent to litigate it himself." *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc) (citing *Farmer v. Haas*, 990 F.2d 319, 321–22 (7th Cir. 1993)). This standard takes account of mental or physical capabilities that may affect a plaintiff's ability to litigate. *See id.* at 659–60.

The judge did not abuse her discretion when she denied Mapes's request for counsel and advised him on how to file

an amended complaint. "The inquiry into the plaintiff's capacity to handle his own case is a practical one, made in light of whatever relevant evidence is available on the question." *Id.* at 655. Mapes demonstrated that he was physically able to file a complaint and mentally able to recall the events of January 21, 2019. The judge was not "required to offer [Mapes] legal guidance on whether and how to amend [his] pleadings," *Kiebala v. Boris*, 928 F.3d 680, 684 (7th Cir. 2019), and under these circumstances, denying Mapes's request for counsel and advising him on how to cure his complaint's deficiencies was entirely reasonable. If for any reason Mapes could not comply with the judge's pleading instructions, he needed to explain why and renew his request for appointed counsel. *See Pruitt*, 503 F.3d at 659. He did neither. And Mapes hasn't argued on appeal that he was incapable of following the judge's directions.

One final point bears mentioning. In denying the request for pro bono counsel, the judge cited a passage from *Kadamovas*: "[U]ntil the defendants respond to the complaint, the [pro se] plaintiff's need for assistance of counsel … cannot be gauged." 706 F.3d at 846. That language simply acknowledges the difficulty of accurately evaluating the need for counsel in the early stages of pro se litigation. Because "[t]he inquiry into plaintiff competence and case difficulty is particularized to the person and case before the court," it is not susceptible to judge-made bright-line rules. *Pruitt*, 503 F.3d at 656. So it's incorrect to read this sentence in *Kadamovas* as restricting a district judge's discretion to recruit counsel for a deserving plaintiff until after the defendant has answered the complaint. While such cases may be unusual, a judge may recruit counsel to help a pro se litigant amend his complaint. *See Perez*, 792 F.3d at 784

(explaining that "[w]here an inmate alleges an objectively serious medical condition, it may be better to appoint counsel—so that he or she can investigate and flesh out any claim that may exist—than to dismiss a potentially meritorious claim").

AFFIRMED