NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted December 19, 2019[*]
Decided December 20, 2019

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

AMY J. ST. EVE, *Circuit Judge*

No. 19-2125

| | |
|---|---|
| RICKY KAMDEM-OUAFFO, | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Eastern District of Wisconsin. |
| | |
| *v.* | No. 19-CV-607-JPS |
| | |
| TAPFIN NORTH AMERICA SHARED | J. P. Stadtmueller, |
| SERVICES, et al., | *Judge*. |
| *Defendants-Appellees*. | |

**O R D E R**

Believing that Campbell Soup Company wrongly fired him, Ricky Kamdem-Ouaffo responded with four suits—three in the District of New Jersey, and one in the Eastern District of Wisconsin. In the order that led to this appeal, the Wisconsin court struck Kamdem-Ouaffo's complaint for violating Federal Rule of Civil Procedure 8 and for duplicating his earlier-filed New Jersey actions. Kamdem-Ouaffo refused to accept the court's invitation to amend his complaint to cure its deficiencies, so the court

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

dismissed his case for failure to prosecute. That exercise of discretion was reasonable, so we affirm.

After filing three suits against Campbell and other defendants in New Jersey, Kamdem-Ouaffo filed a nearly 300-page complaint in Wisconsin. The only meaningful difference between this complaint and his third in New Jersey was the addition of yet another a defendant, Tapfin North American Shared Services Team. The district court struck the complaint because it violated the "short and plain statement" requirement of Federal Rule of Civil Procedure 8(a)(2), and because it duplicated his New Jersey suits. The court invited Kamdem-Ouaffo to amend his complaint to state his unique claims against Tapfin and warned him that if he refused to do so, it could dismiss his case.

Kamdem-Ouaffo refused to amend his complaint, and the court dismissed the suit. He filed "Objections" to the court's order striking his complaint, insisting that he "will not be filing an amended complaint." He also warned that if the court "should maintain that the Complaint is stricken," he would "consider that the Action is Dismissed with prejudice and proceed by filing a Notice of Appeal." That led the court to order that the "Plaintiff will get his wish." The court dismissed the case "without prejudice" for failure to prosecute. *See* E.D. WIS. CIV. R. 41(c).

Before addressing the merits of Kamdem-Ouaffo's appeal, we pause to assess our jurisdiction over it. To be appealable, an order dismissing a case "without prejudice" must "effectively end[] the litigation." *See Mapes v. Indiana*, 932 F.3d 968, 971 (7th Cir. 2019). Because Kamdem-Ouaffo refused to amend his complaint (to cure the defects that the district court identified) and wants to stand on his original complaint, the litigation had nowhere left to go in the district court. The dismissal "represented the district court's last word on the case as a whole," *Gleason v. Jansen*, 888 F.3d 847, 852 (7th Cir. 2018), so the dismissal is appealable. *See id*; *See Mapes*, 932 F.3d at 971.

On appeal, Kamdem-Ouaffo argues that his complaint did not duplicate his New Jersey action because, he asserts, the defendants there opposed that court's jurisdiction over them, forcing him to file suit in Wisconsin. The argument has two fatal problems. First, Kamdem-Ouaffo does not address the district court's primary basis for striking his nearly 300-page complaint: its length violated the plain-statement rule. *See* FED. R. CIV. P. 8(a)(2). Such length makes the complaint unintelligible "by scattering and concealing […] the few allegations that matter." *U.S. ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). We have affirmed Rule 8 dismissals of overlong complaints before—even those much shorter than the complaint here. *See, e.g., id.*

(dismissing 155-page complaint under Rule 8). Second, Kamdem-Ouaffo's argument that his complaint is not duplicative is wrong. Although he asserts that the defendants objected to jurisdiction in New Jersey, he does not contend that he or the court agrees with them. Without that court declining jurisdiction over the defendants, or Kamdem-Ouaffo voluntarily dismissing that suit, he cannot justify duplicating it here.

Because Kamdem-Ouaffo unreasonably refused to amend his complaint, the court did not abuse its discretion by dismissing the suit for failure to prosecute—especially because the court warned him in advance that failure to amend would result in dismissal. "Whenever it appears to the Court that the plaintiff is not diligently prosecuting the action[…], the Court may enter an order of dismissal with or without prejudice." E.D. WIS. CIV. R. 41(c); *see also* FED. R. CIV. P. 41(b). We have routinely affirmed district court rulings dismissing complaints for unreasonable failures to prosecute. *See, e.g., Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 700 (7th Cir. 2014); *Moffitt v. Illinois State Bd. of Educ.*, 236 F.3d 868, 876 (7th Cir. 2001). That is what occurred here.

We have considered Kamdem-Ouaffo's other arguments, but they do not require further discussion.

AFFIRMED