**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted June 30, 2020[*]
Decided July 1, 2020

**Before**

JOEL M. FLAUM, *Circuit Judge*

MICHAEL S. KANNE, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 19-3221

| | |
|---|---|
| MARLON L. WATFORD, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division. |
| *v.* | No. 19 C 3868 |
| RANDY PFISTER, et al., *Defendants-Appellees.* | Virginia M. Kendall, *Judge.* |

## O R D E R

Marlon Watford, an Illinois inmate, believes that the prison where he formerly was housed overcharges inmates for legal photocopying services. He brought this civil rights suit against prison officials, and the district court dismissed the complaint with prejudice for failure to state a claim. We affirm the judgment.

---

[*] The defendants were not served with process in the district court and are not participating in this appeal. We have agreed to decide this case without oral argument because the brief and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

During Watford's confinement at Stateville's Northern Reception and Classification Center in 2017, the prison began charging ten cents per copy to photocopy legal documents. (The prior cost of a copy is not clear from the record.) The state administrative code states that "[t]he cost for reproduction [of photocopied materials] will be determined by the facility based on actual cost per copy." 20 ILL. ADMIN. CODE § 430.40(a). Watford says that the prison's cost is only one cent per photocopy.

Watford sued the warden and four other prison officials under 42 U.S.C. § 1983 and the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1. He alleged that the ten-cent fee violates his religion because, as a devout Muslim, he must "keep himself free from all forms of oppression," including "financial oppression." He also alleged that the fee increase amounts to cruel and unusual punishment in violation of the Eighth Amendment and that he has a due-process property interest in being charged only one cent per copy. Finally, he asserted that because the fee contravenes the state administrative code, it also violates federal law.

At screening, *see* 28 U.S.C. § 1915A, the district court dismissed the complaint with prejudice on several grounds. The court first stated that Watford's 65-page complaint "runs afoul" of Federal Rule of Civil Procedure 8(a) because it contains "many pages of immaterial information, argument, and legal conclusions." The court then concluded that Watford failed to state a claim for relief because the complaint primarily alleged that the ten-cent fee violates the state administrative code, and noncompliance with state law does not by itself violate the Constitution. It also called the suit "duplicative and malicious," stating that Watford "has tried, unsuccessfully, twice now to litigate the same/similar issues" in federal court, citing *Watford v. Ellis.*, 15-CV-567 (S.D. Ill.), and *Watford v. Doe*, 15-CV-9540 (N.D. Ill.). The court assessed Watford a strike, his third, under 28 U.S.C. § 1915(g). Watford moved to alter or amend the judgment, *see* FED. R. CIV. P. 59(e), to no avail.

On appeal, Watford first contends that his complaint does not violate Rule 8(a), as the district court stated, because, setting aside the 45 pages of attached exhibits, it is only 20 pages long. He has a point: where, as here, the complaint is not "too confusing to determine the facts that constitute the alleged wrongful conduct," dismissal based on "undue length" or "the inclusion of superfluous material" generally is inappropriate. *Stanard v. Nygren*, 658 F.3d 792, 797–98 (7th Cir. 2011); *see also Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (noting that 28–page complaint "is not excessively long" given number of claims and that district court could have "stricken without bothering to read" 71-page appendix). Even so, any error in this regard would be harmless

because the district court did not rely on Rule 8(a) alone in dismissing the complaint. Rather, as the court twice stated, it dismissed the complaint because it failed to state a claim and because it was duplicative and malicious.

Watford next suggests that, in concluding that he failed to state a claim for relief, the district court focused on his state-law allegations only and ignored his invocations of RLUIPA and the First, Eighth, and Fourteenth Amendments. Regardless of how Watford frames his claims, however, they all turn on an alleged violation of the state administrative code. And as the district court correctly recognized, the violation of a state law is "completely immaterial … of whether a violation of the federal constitution has been established." *Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006).

In any event, Watford cannot state a claim for relief under any of the federal provisions that he cites. The prison's ten-cent photocopy fee does not implicate the Eighth Amendment, which prohibits prison conditions that "deprive inmates of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Watford also cannot state a claim under RLUIPA or the First Amendment. *See Holt v. Hobbs*, 574 U.S. 352, 356–58 (2015) (noting that RLUIPA provides greater protection than First Amendment). Even if we assume that Watford's request for a lower fee is "sincerely based on a religious belief and not some other motivation," *id.* at 360–61, he cannot show that the ten-cent fee substantially burdens his religious exercise. 42 U.S.C. § 2000cc-1. The prison's fee increase on an optional service has not coerced Watford to modify his behavior in a way "undeniably at odds" with his religious beliefs nor has it rendered his religious exercise "effectively impracticable." *Korte v. Sebelius*, 735 F.3d 654, 683 (7th Cir. 2013) (internal quotation marks and citations omitted). Finally, Watford cannot state a claim under the Due Process Clause because the state administrative code section that he cites does not create a benefit to which he has a "legitimate claim of entitlement." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972); *Bell v. City of Country Club Hills*, 841 F.3d 713, 717 (7th Cir. 2016).

We have considered Watford's other arguments, and none has merit.

AFFIRMED